United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Reginal L Holston,<br>Plaintiff,<br><br>v.<br><br>E. Mora, *et al.*,<br>Defendants. | )<br>)<br>)<br>)   Civil Action No. 20-21659-Scola<br>)<br>)<br>)<br>) |

### Order Granting Plaintiff's Motion to Reopen Time to Appeal

This matter is before the Court upon a limited remand order of the United States Court of Appeals for the Eleventh Circuit. (ECF No. 158). This limited remand tasks the Court with deciding upon the Plaintiff, Reginal L Holston's motion to reopen time to appeal under Fed. R. App. P. 4(a)(6). (*See id.* at 7). On October 11, 2024, the Court directed the parties to show cause limited to two issues on the timeliness of the Plaintiff's notice of change of address (the "Broward Notice"), (ECF No. 122), and its weight on the Court's decision. (*See* ECF No. 179). The parties have responded. (*See* ECF Nos. 183, 185). After carefully considering the relevant facts, the parties' arguments, and applicable law, the Court concludes that the Plaintiff's motion (ECF Nos. 125, 144)[1] should be **GRANTED.**

### 1. Background[2]

#### a. The Procedural History

In its order to show cause, the Court expressed that "it lack[ed] enough facts . . . to make a decision" on the Plaintiff's motion to reopen time to appeal. (ECF No. 179 at 1). After taking judicial notice of the Plaintiff's filings in his

---

[1] The Plaintiff filed two motions—one on June 12, 2022 (ECF No. 125), and February 16, 2023 (ECF No. 144)—both of which the Eleventh Circuit previously construed as a Rule 4(a)(6) motion to reopen time to appeal followed by an "amended or supplemental Rule 4(a)(6) motion." (ECF No. 158 at 3).

[2] The Court assumes that the parties are familiar with the relevant facts preceding this limited remand, which the Court describes in detail in its limited order to show cause. (*See* ECF No. 179 at 1–2).

other federal cases, the Court noticed a discrepancy between the Court's receipt of the Broward Notice in this case and a similar notice that the Plaintiff sent to the Middle District of Florida[3]—which arrived about one month before the Court learned of Plaintiff's transfer to the Broward County Jail. (*See id.* at 4). In the Court's view, this "present[ed] a genuine question as to when the Broward Notice . . . was received for mailing, which may have materially affected the Plaintiff's late notice of the Court's summary judgment order." (*Id.* at 4–5).

The Court thus instructed the parties to brief the following two issues: "(1) *when* the Plaintiff's Broward Notice was, in fact, handed to prison authorities (if ascertainable), and (2) *whether* a factual finding that the Broward Notice signing date is false would constitute grounds for denying the Plaintiff's motion for reopening time to appeal under Rule 4(a)(6)." (ECF No. 179 at 5 (emphases original)). The Court authorized the parties to seek discovery as to the first issue. (*See id.*).

Several days later, the Defendants filed a notice of issuing nonparty subpoenas to the Florida Department of Corrections and the Broward County Sheriff's Office. (*See* ECF No. 181). The Broward County Sheriff's Office was asked to provide the Plaintiff's "inmate mailing records, including all incoming and outgoing mail logs, for Broward County Jail for the time period from July 2021 and October 2021." (ECF No. 181-1 at 3). Similarly, the Florida Department of Corrections was asked to provide all such records for that time frame. (*See* ECF No. 181-2 at 4). The Defendants also requested both non-parties to provide all documents and records relating to the Plaintiff's Broward Notice. (*See* ECF Nos. 181-1 at 3; 181-2 at 4).

The Plaintiff's response to the Court's order to show cause was docketed on October 30, 2024. (*See* ECF No. 183). The Defendants responded on November 12, 2024. (*See* ECF No. 185).

---

[3] *See Holston v. Dawson*, No. 21-cv-00202 (M.D. Fla. Aug. 23, 2021), ECF Nos. 37, 37-1.

### b. The Parties' Arguments
#### i. The Plaintiff

In his response, the Plaintiff explains that he "was transferred to Broward County Jail on August 5, 2021 to resolve his family's probate case." (ECF No. 183 at 1). When he arrived, his writing utensils were confiscated, and the jail's quarantine measures deprived prisoners of the means to communicate by writing "for over a week." (*Id.*). On August 19, 2021, the Plaintiff says he received his writing utensils and "signed and mailed notices of change of address to the Southern District"—including this Court—"and the Middle District . . . at the same time." (*Id.*).

As proof that the Plaintiff sent the notices simultaneously—or at least from the Broward County Jail, he directs the Court to the Broward County Jail's institutional stamp displayed on his Broward Notice. (*See id.* at 2). He reminds the Court that "state prison officials always stamp mail—whether legal or non-legal—that emanates from a prison in Florida," so the Broward Notice "could not have logically been mailed from Charlotte [Correctional Institution]." (*Id.*). Further, because he was transferred back to Charlotte C.I. on August 31, 2021, the Plaintiff claims his Broward Notice, "at the latest . . . [could] have been mailed [that day]," (*id.* at 6 (cleaned up)), which was still well in advance of the Court's order granting the Defendants' motion for summary judgment; thus, the Plaintiff concludes that the Broward Notice must have been "censored at the Broward County Jail" upon receipt, (*id.* at 2). He alleges that "[i]t is common practice at the Broward County Jail to withhold legal mail and not forward it." (*Id.*).

Moreover, the Plaintiff contends that "any factual finding that the August 19, 2021 date" on his Broward Notice "is somehow false would be improper," since the law presumes that "said date is accurate or that [he] delivered the notice[] on the date he signed it." (*Id.* at 3). Although the Plaintiff admits to some level of "inadvertence or negligence" (the cause of which is hard to decipher in his arguments), the Plaintiff's position is that the Broward Notice is

irrelevant because it was superseded by the Charlotte Notice, (ECF No. 121), "irrespective of the docketing sequence." (ECF No. 183 at 3). In other words, the timeliness of the Broward Notice, he says, "would not affect the Court's discretion to reopen" his time to appeal. (*Id.* at 7).

### ii. The Defendants

As to the first issue in the Court's order to show cause, the Defendants disclose that, following discovery, they were "unable to ascertain when Plaintiff's Broward Notice was handed to prison authorities because there are no mailing records or mailing logs for the time period in August of 2021 when Plaintiff was temporarily housed at Broward County Jail." (ECF No. 185 at 1).

As to the second issue, the Defendants "assert that a finding that the Broward Notice was provided to jail personnel for mailing after the August 19, 2021 signing date reflected on the Notice would warrant denial of relief under Fed. R. App. P. 4(a)(6)." (*Id.* at 2). The Defendants echo their former arguments following this limited remand, emphasizing that "even if the Broward Notice was provided to jail personnel on the August 19, 2021 date reflected on the Notice," (*id.*), the Plaintiff failed to comply with this District's local rules; therefore, the Defendants argue that the Court may, in its discretion, deny the Plaintiff relief under Rule 4(a)(6).

The Defendants dispute the Plaintiff's reliance on the Broward County Jail's quarantine measures lasting over a week as the reason for his delay, arguing that the Plaintiff did not "explain why he then waited (at least) another week until August 19, 2021 to file a notice of change of address." (*Id.* at 3). Lastly, the Defendants argue that the Court should deny the motion because the Plaintiff's "delay and non-compliance directly contributed to his failure to receive a copy of the Court's summary judgment order." (*Id.* at 4).

### 2. Legal Standard

Federal Rule of Appellate Procedure 4(a)(6) allows the district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," but only if the court makes certain findings. *See*

Fed. R. App. P. 4(a)(6). The court must find that: (a) the moving party did not receive notice of the entry of the judgment within 21 days after entry under Fed. R. Civ. P. 77(d); (b) the motion to reopen the time for filing is filed within 180 days after the entry of judgment or 14 days after the moving party receives notice of the entry under Rule 77(d), whichever is earlier; and (c) no party would be prejudiced by reopening the time to file an appeal. *See id.* Even if all three conditions are met, "the district court may, in its discretion, deny a motion to reopen." *Watkins v. Plantation Police Dep't,* 733 F. App'x 991, 995 (11th Cir. 2018).

### 3. Discussion

#### a. The Broward Notice Signing Date is Presumptively Accurate.

The Court will first address the accuracy of the Broward Notice's signing date. Under the prison mailbox rule, "a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil,* 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). "We assume, '[a]bsent evidence to the contrary, . . . that a prisoner delivered a filing to prison authorities on the date that he signed it.'" *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (quoting *Jeffries v. United States,* 748 F.3d 1310, 1314 (11th Cir. 2014)).

There is insufficient evidence to conclude that the Broward Notice's signing date of August 19, 2021 is inaccurate. The responses to the Defendants' subpoenas from the Broward County Sheriff's Office and the Florida Department of Corrections were ineffectual, and "[t]he burden is on the [Defendants] to prove the motion was delivered to prison authorities on a date other than the date the prisoner signed it." *Jeffries,* 748 F.3d at 1314 (citing *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).[4]

---

[4] And, while the Plaintiff bore no such burden, his reference to the Broward County Jail's institutional stamp displayed on the Broward Notice's mailing envelope supports, *at the very least*, that he sent the notice while he temporarily resided there. (*See* ECF No. 122 at 2).

Accordingly, the Court must presume that the Plaintiff handed the Broward Notice to prison authorities on August 19, 2021.

### b. The Defendants Will Not Be Prejudiced.

Next, the Court must address whether the Defendants would be prejudiced by reopening the Plaintiff's time to file an appeal. In its limited remand order, the Eleventh Circuit explained that the prejudice prong under Rule 4(a)(6) "means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal," and that "prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." (ECF No. 158 at 5 (cleaned up; quoting Fed. R. App. P. 4(a)(6)(C) & advisory committee's note to 1991 amendment)).

The Eleventh Circuit then held that the Court, when originally denying the Plaintiff's motion to reopen time to appeal, had "applied an incorrect legal standard that asked whether the [D]efendants would be prejudiced by *any* appeal, rather than an appeal initiated after the original appeal period expired," which could have been supported, for example, by the Defendants having "taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." (*Id.* at 6 (quotation marks and citations omitted)).

In its initial response to the Court's order directing further briefing following this limited remand, (*see* ECF No. 160), the Defendants argued that prejudice would result from: (1) being "forced to unnecessarily expend time and resources continuing to endlessly litigate against Plaintiff's baseless claims," and (2) the Plaintiff's "failure to keep the Court timely and accurately informed of his location in direct violation of" this District's local rules and the Court's previous orders. (ECF No. 166 at 5–6 n.1).

These arguments are unpersuasive. The Defendants have not shown that they have taken any action in reliance on the expiration of the Plaintiff's time period for filing a notice of appeal. They, for the most part, have produced the same or similar arguments that the Eleventh Circuit explained were insufficient to establish prejudice. And they otherwise cite no authority

supporting how the circumstances they describe satisfy the prejudice prong under Rule 4(a)(6). Without more, the Court concludes that the Defendants would not be prejudiced were the Court to reopen the Plaintiff's time to file an appeal.

### c. The Court Will Not Exercise Its Discretion to Deny the Motion.

Lastly, although the Plaintiff has met all three elements under Rule 4(a)(6),[5] the Court must answer whether it should nevertheless exercise its discretion to deny the Plaintiff's motion. To summarize, the Defendants' argument is that the Plaintiff is not entitled to additional time to file an appeal because he did not notify the Court of his transfer to the Broward County Jail within seven days of his address change as required by S.D. Fla. L.R. 11.1(g). (*See* ECF No. 185 at 3–4).

It is undebatable that the Plaintiff's Broward Notice was not filed in compliance with this District's local rules. And it is true, as the Defendants point out, that this alone is sufficient to deny the Plaintiff's motion to reopen. *See, e.g.*, *Bazemore v. United States*, 292 F. App'x 873, 875 (11th Cir. 2008). But relying solely on this standard would ignore the specific circumstances in this case—that is, the plain fault attributed to the Broward County Jail.

To be specific, if the Plaintiff handed the Broward Notice to prison authorities on August 19, 2021 as he says (and which both the Court and the

---

[5] The Plaintiff's satisfaction of the first two elements of Rule 4(a)(6) is not seriously in dispute; in any event, the Plaintiff has demonstrated that he did not receive notice of the Court's summary judgment order within 21 days after it was entered, and, as the Eleventh Circuit previously set out, his June 12, 2022 post-judgment motion was filed within 180 days after the Court entered its summary judgment order on February 21, 2022. (*See* ECF No. 142 at 1–2). The Eleventh Circuit clarified that, while the Court entered summary judgment against the Plaintiff on September 23, 2021, that order was not deemed "entered" in a separate document for the purposes of Rule 4(a) until February 21, 2022. (*Id.* at 1).

Plaintiff's compliance with Rule 4(a)(6) is, of course, reason enough to grant his motion. *Cf. Edgar v. Hunt*, No. 15-CV-621, 2017 WL 6884010, at *2 (M.D. Fla. Sept. 14, 2017), *report and recommendation adopted*, 2018 WL 340118 (M.D. Fla. Jan. 9, 2018) ("Rule 4(a)(6) has 'more liberal provisions for extension of time,' which 'suggests that notices of appeal filed late because the appellant did not receive notice of the judgment should be treated differently (and more favorably) than those filed late for other reasons (*i.e.*, those governed by Rule 4(a)(5)'s excusable neglect standard).'" (quoting *Sanders v. United States*, 113 F.3d 184, 187 (11th Cir. 1997))).

Defendants cannot otherwise dispute), the jail was then responsible for a *thirty-two-day* delay in delivering the notice to the United States Postal Service on September 20, 2021, evinced by the postmark on the mailing envelope. (*See* ECF No. 122 at 2). Clearly, this delay caused the Broward Notice to arrive at the Court after the Charlotte Notice was docketed on September 13, 2021. (*See* ECF No. 121). Had the jail, rather, mailed the notice within two weeks of the Plaintiff signing it, any delay attributable to the Plaintiff would likely not have disrupted a sequential docketing of the notices.

The Court also recognizes its own error, as noted by the Eleventh Circuit, in not "review[ing] . . . both [the Broward and Charlotte] notices . . . to determine where Holston was confined on September 23." (ECF No. 158 at 7 (cleaned up)). The Plaintiff would almost certainly have received notice of the Court's summary judgment order upon closer examination of the signing dates on his notices. And, in light of the foregoing, while the Court is not convinced that the timeliness of the Broward Notice is irrelevant (as the Plaintiff suggests), the Court *cannot* confidently hold under these circumstances that its own error in evaluating where the Plaintiff resided on September 23, 2021 was attributable *solely* to his delay in notifying the Court of his transfer.[6]

However, before concluding, it must be emphasized that "a valid local rule has the force of law." *Cheshire v. Bank of Am., NA*, 351 F. App'x 386, 388 (11th Cir. 2009). Thus, "compliance with the Local Rules is mandatory." *Taveras v. Fla. Dep't of Transp.*, No. 22-CV-23745, 2024 WL 3949789, at *1 (S.D. Fla. June 25, 2024) (Scola, J.). Nothing stated in this Order undermines these principles. Nevertheless, faced with a procedural history unique only to this case, the Court declines to exercise its discretion to deny the Plaintiff's motion. Accordingly, the Court will **GRANT** the Plaintiff's Rule 4(a)(6) motion to

---

[6] For that matter, the Defendants' contestations of the Plaintiff's reliance on the Broward County Jail's quarantine measures as the basis for his delay do not address why the Plaintiff's non-compliance deserves greater weight than the obvious disorder caused by the jail's delay in mailing his notice.

reopen his time to appeal.

### 4. Conclusion

For the foregoing reasons, the Court **GRANTS** the Plaintiff's motion to reopen the time for him to file an appeal. In accordance with the underlying limited remand order, (ECF No. 158), the Clerk is **INSTRUCTED** to return this case, as supplemented, to the United States Court of Appeals for the Eleventh Circuit for further proceedings.[7]

**Done and ordered**, in chambers, in Miami, Florida, on November 26, 2024.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Reginal L Holston
L27714
South Bay Correctional Facility
Inmate Mail/Parcels
Post Office Box 7171
South Bay, FL 33493
PRO SE

---

[7] The Eleventh Circuit directed the Court "to provide the parties an opportunity for briefing, a hearing, or both before ruling on the Rule 4(a)(6) motion on remand. Upon making its determinations, the court shall return the case, as supplemented, to this Court for further proceedings." (ECF No. 158 at 7–8).